In re GREEN VALLEY SEEDS, INC., Debtor.

Gary E. NORMAN, Trustee, Plaintiff,

v.

David RIDDELL, Christy Riddell, and Western Agricultural Improvement, Inc., Defendants.

Bankruptcy No. 79–00869.
Adv. No. C–1.

United States Bankruptcy Court,
D. Oregon.

Dec. 29, 1982.

Laura J. Walker, Portland, Or., for plaintiff.

Joseph Penna, Monmouth, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

The court held a hearing on February 2, 1982 on defendants' motion to dismiss causes of action 1, 2, 4, 5, 6, and 8 of the complaint on the grounds that the causes of action failed to state claims upon which relief could be granted, and to strike paragraphs XXVIII and XXXI on the grounds that the former was immaterial and the latter impertinent. In the alternative, defendants requested that paragraph XLI and XLII be made more definite and certain.

At the hearing, the court denied the motion to dismiss the first and fifth causes of action, and defendants abandoned their motion as to the second cause of action. The court took the objections to the fourth and eighth causes of action under advisement and invited counsel to submit memoranda on the question of dismissal as to these causes of action. The court further ruled that plaintiff would have thirty days from the date the court ruled upon the objections to the fourth and eighth causes of action within which to amend the sixth cause of action and paragraph XXXI. The motion to strike paragraph XXVIII of the sixth cause of action was granted. The court stated that it would not, at this time, rule on defendants' alternative motion to make paragraphs XLI and XLII more definite and certain.

The fourth cause of action alleges that defendants David Riddell and Christy Riddell, as officers of the debtor corporation, Green Valley Seeds, Inc. ("Green Valley"), authorized an assignment of certain seed contracts to defendant Western Agricultural Improvement Inc. ("Western Ag") for inadequate consideration and/or with the intent to hinder, delay or defraud the creditors of Green Valley and benefit themselves. The transfer was allegedly made at a time when Green Valley was insolvent. It is further alleged in the fourth cause of action that the Riddells knowingly participated in this fraudulent transfer of property and that Western Ag knew or should have known that Green Valley intended to hinder, delay or defraud Green Valley's creditors. Plaintiff seeks in this cause of action to recover the reasonable value of the assigned contracts which plaintiff values at $100,000.00.

It appears that the fourth cause of action seeks recovery from David Riddell and Christy Riddell upon one or both of two theories. One is that the Riddells breached a fiduciary duty as officers of Green Valley by causing or participating in a transfer of contracts owned by Green Valley to Western Ag for an insufficient consideration. The other is that the Riddells caused or participated in a transfer of contracts from Green Valley to Western Ag with the intent to hinder, delay or defraud the creditors of Green Valley. These two theories should be separately stated. The motion to dismiss the fourth cause of action will therefore be granted. Upon the filing of an amended complaint these two theories may be separately stated.

The eighth cause of action alleges a claim for relief under the alter ego theory, asserting that the Riddells were officers, directors and stockholders of both Green Valley and Western Ag, that they exercised dominion and control over both corporations, that the

**36**

affairs of both corporations were intermingled, that neither corporation had a genuine separate corporate existence but were operated as the alter egos of David Riddell and Christy Riddell. It is then alleged that therefore the Riddells are jointly and severally liable for all debts of Green Valley.

Although the trustee, as representative of the debtor's estate, may assert a claim held by the debtor corporation against one of its officers, the damages recovered may only be those sustained directly by the corporation from the particular act complained of. The amount of the corporate debt is irrelevant to that question.

The purpose of the alter ego doctrine is to allow recovery for the creditors of the corporation from other parties. The fact that third parties, the officers of the corporation, may have a liability to creditors does not mean that the corporation has a corresponding claim against third party officers. The trustee does not have the right to step into the shoes of an individual creditor and pursue that creditor's claim against an officer. See 4 Collier on Bankruptcy 15th Ed. ¶ 541.10[8].

Alter ego doctrine is not necessary to support an action by the trustee on behalf of the estate of Green Valley upon a claim owing to it by one of its officers nor does it lend any materiality to such an action. Where it is alleged, as here, that defendants have participated in the fraudulent conveyance of corporate property and, in transferring the property, the defendants David Riddell and Christy Riddell have breached their fiduciary duty to the debtor corporation, it would be superfluous to also assert that they treated the two corporations as their alter egos. If plaintiff were to prove that the Riddells treated the two corporations as alter egos, he would still have to prove that the Riddells breached their fiduciary duty to Green Valley by transferring the property or that the Riddells benefited from such transfers and prove the amount of damage caused to Green Valley by reason of such transfers.

It therefore appears that the motion to dismiss the eighth cause of action must be granted.

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.