### In re MORGAN–STALEY LUMBER COMPANY, INC., Debtor.

### ROBERT K. MORROW, INC., Trustee, Plaintiff,

v.

### Phillip KELSON, Larry Kelson, Eugene (Tony) Neumayer, Bonnie Kelson and Kelson, Kelson and Neumayer, Defendants.

Bankruptcy No. 385–02968–S7.
Adv. No. 86–0351–S.

United States Bankruptcy Court,
D. Oregon.

Nov. 17, 1986.

Randall K. Bogrand, Portland, Or., for trustee, Robert K. Morrow, Inc.

John P. Salisbury, Portland, Or., for Phillip and Bonnie Kelson.

Harvey J. Osborn, Portland, Or., for Larry Kelson.

Barton C. Bobbitt, Portland, Or., for Eugene Neumeyer.

## ORDER ALLOWING MOTION TO DISMISS AND TO MAKE MORE DEFINITE AND CERTAIN

DONAL D. SULLIVAN, Bankruptcy Judge.

The defendants filed motions to dismiss the complaint and to strike and to make various allegations more definite. The motions should be granted.

The trustee filed a 30–page complaint against four of the officers of the debtor and a related partnership seeking to impose liability on the theory of piercing the corporate veil for all of the unsecured debts of the debtor, estimated at $1,200,000, and to impose a constructive trust upon all assets of the defendants. As grounds, the complaint charged that the defendants abused their position with the debtor corporation. The abuses alleged included payment of personal expenses, bonuses, and other insider payments by the corporation, failure to maintain adequate capital, misrepresentation to creditors of the debtor's financial condition and intention to pay its debts, and failure to maintain proper corporate records. The defendants' motion attacked the trustee's standing to bring such an action.

The defendants' motions should be granted because the trustee lacks standing to impose liability on the theory of piercing the corporate veil. Many of the trustee's allegations would support a shareholder's or creditor's derivative action for direct harm to the corporation. At the same time the alleged misconduct might be sufficiently damaging to creditors to support an action for the indirect harm to their interests arising from abuse of the corporate privilege. The action to redress direct harm to the corporation belongs to the trustee under 11 U.S.C. § 541. The action to redress the indirect harm to the creditors belongs to the creditors. The mixing of inappropriate with appropriate theories

makes the complaint too confusing to satisfy Fed.R.Civ.P. 8(e) and 9(b).

■ The trustee lacks standing under federal law to bring a collective action against the corporate officers and shareholders to redress individual wrongs based on piercing the corporate veil doctrines or otherwise. *Caplan v. Marine Midland,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972); *Rochelle v. Marine Midland,* 535 F.2d 523 (9th Cir.1976); *In re Green Valley Seeds, Inc.,* 27 B.R. 34 (Bankr.Ct.D.Or. 1982). For cases outside the Ninth Circuit, see *Bloor v. Carro,* 754 F.2d 57 (2nd Cir. 1985); *In re Overmyer,* 56 B.R. 657 (Bankr.N.D. Ohio 1986). Under Oregon law, the disregard of a legally established corporate entity in an action against an officer is an extraordinary remedy which is the last resort of an individual creditor. *AMFAC Foods, Inc. v. International Systems,* 294 Or. 94, 654 P.2d 1092, 1098 (1982). Such an action is not a corporate right subject to 11 U.S.C. § 541(a) which the trustee would obtain as an asset of the estate. Nothing in Oregon corporation law gives a corporation authority to disregard its own existence in order to bring causes of action belonging to the individual creditors or to collectively impose partnership liability on corporate insiders who abuse their agency role. *See* O.R.S. 57.600(4).

■ The trustee's assertion that 11 U.S.C. § 544(a) creates a federal cause of action where none exists under state law must be rejected. Except as applied to real property, there has been no change from pre-Code law as announced in *Caplan. Green Valley Seeds, supra,* is still the law in this district notwithstanding the disagreement presented by *In re Western World vs. Buchanan,* 52 B.R. 743, 782 (D.Nev.1985). The provisions of 11 U.S.C. § 544(a) relied upon by the trustee were derived from Section 70(c) of the Bankruptcy Act. These provisions were available to the chapter X trustee under Section 102 in the *Caplan* case and necessarily were rejected by the Supreme Court in its ruling. As suggested by the Supreme Court in *Caplan* at 434, Congress considered enlarging the trustee's authority to bring creditors' claims against third parties but deleted such a provision from a draft of the 1978 Bankruptcy Code. The 1978 Code did not create a new right to bring actions such as this and history will not permit the language of Section 544(a) to be so tortured. *See The Trustee's Avoiding Powers under the Bankruptcy Act and the New Code, a Comparative Analysis,* 11 St. Mary's Law Journal 311, 321–22 at n. 64 (1979). *Matter of Kaiser,* 791 F.2d 73 (7th Cir.1986) involved whether personal property was part of the estate under Section 341 and did not deal with the present issue.

The complaint mixes corporate causes of action which the trustee has a right to bring under 11 U.S.C. § 541(a) with individual creditor causes of action governed by the ruling in *Caplan.* Creditor claims governed by *Caplan* should be deleted. The complaint should be dismissed but the trustee should be allowed 15 days within which to file an amended complaint asserting corporate claims.

IT IS SO ORDERED.